PROB 12C  
(06/17)

August 4, 2020  
pacts id: 3359073

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Salvador Mendez (English)   **Dkt No.:** 17CR00336-010-LAB

**Reg. No.:** 60615-298

**Name of Sentencing Judicial Officer:** The Honorable Larry A. Burns, Chief U.S. District Judge

**Original Offense:** Ct. 1: 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Distribute Heroin, a Class C felony. Ct. 2: 21 U.S.C. §§ 841(a)(1), Possession of Methamphetamine with Intent to Distribute, a Class C felony.

**Date of Sentence:** September 12, 2017

**Sentence:** 51 months' custody, as to each Ct. 1 and 2, concurrently; followed by six (6) years of supervised release, as to each Ct. 1 and Ct. 2, concurrently. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Continued Supervision**: An Order to Show Cause petition, dated November 5, 2019, was filed with the court on November 7, 2019. On December 16, 2019, revocation proceedings were held before Your Honor. The offender admitted allegations 1 and 2 and the court found him in violation. He was sentenced 30 days custody and continued on supervised release with the following added special conditions: 4th Amendment Waiver search condition, drug and alcohol treatment, mental health treatment, and the standard drug testing wording for urine sample submissions (up to 4 times per month). (It is noted that Mr. Mendez was arrested on this warrant on November 8, 2019 and was released on December 17, 2019; for a total of 40 days in custody.)

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** October 11, 2019

**Asst. U.S. Atty.:** Kyle Martin   **Defense Counsel:** Devin J. Burnstein, Fed. Def., Inc. (Appointed) (619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12(C)

| | |
|---|---|
| Name of Offender: Salvador Mendez | August 4, 2020 |
| Docket No.: 17CR00336-010-LAB | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Special Condition)** Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. | 1. On April 27, 2020; May 25, 2020, and July 27, 2020, Mr. Mendez failed to attend his mental health counseling session with Todd D. Pizitz, Ph.D., as directed. |

*Grounds for Revocation:* As to Allegation 1, the undersigned received and reviewed the Trouble Logs from Todd D. Pizitz, Ph.D., indicating the offender failed to attend mental health counseling on April 27, 2020; May 25, 2020, and July 27, 2020. Mr. Mendez had commenced attending mental health counseling on February 18, 2020 and was required to report weekly to meet with his therapist.

| | |
|---|---|
| **(Mandatory Condition)** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 2. On or about June 4, 2020; June 17, 2020, and July 17, 2020, Mr. Mendez failed to comply with the drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at Mental Health Systems, Inc., as required.<br><br>3. On or about July 10 and July 17, 2020, Mr. Mendez used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on July 21, 2020. |
| **(Standard Condition)** The defendant must follow the instructions of the probation officer related to the conditions of supervision. | |

*Grounds for Revocation:* As to Allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis form which confirms that on the above date, Mr. Mendez failed to submit a urine sample, as required. On December 19, 2019, the probation officer reviewed written instructions for drug testing with Mr. Mendez, and

he acknowledged receipt of the instructions with his signature. Specifically, Mr. Mendez was instructed to call the drug testing line after 8:15 p.m. the day before each drug testing day to hear if he was to report for testing, and report for testing if instructed in the automated testing line. Testing days are Monday through Friday.

As to Allegation 3, Mr. Mendez failed to report for drug testing on July 17, 2020, and he was called to report to the U.S. Probation Office July 21, 2020, to discuss his failure to drug test. On that day, he admitted drug use on two occasions as listed above. He said he ran into old friends at a liquor store in Fallbrook, California, and sought out methamphetamine. He indicated due to COVID-19 he lacked the sober support needed to avoid drug use.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Following Mr. Mendez' last violation hearing, there was a marked improvement in his attitude and behavior. He released from custody and entered both mental health and drug treatment. Additionally, he was attending sober support meetings. Shortly after his release from custody, he began to work. Then in March 2020, the pandemic created a period of instability. Although he was approaching graduation from drug treatment, it was suspended before he was able to attain a successful completion, as well, his "home" sober support group discontinued live meetings. Mr. Mendez continued with individual therapy via telehealth, however, he gradually returned to his negative thinking and a lack of motivation. He does not have good internet connection at home, and he seemed to struggle with the lack of personal connection he received from groups and meetings. Unfortunately, when Mr. Mendez admitted his drug use, he was also directed to immediately enter telehealth drug and alcohol treatment, and to date, he has failed to do so. The undersigned directed him to report back with his progress in entering treatment on July 22, 2020 (the day after he admitted drug use) and he never called. He has not responded to the undersigned requests for updates and is ignoring responsible behavior. He admitted drug use on July 21, 2020 and was told he must show the Court his best efforts, as an Order to Show Cause hearing would be impending. Instead of doing so, he missed mental health treatment on July 27, 2020, which shows a person who continues to struggle with making good choices and staying motivated.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Mendez has a General Educational Development (GED) diploma. He is 50 years old now, lives with his parents and enjoys support from extended family. He has three adult children and one teenager, all of whom were raised by their mothers. Currently, he works at a nursery as a laborer.

Mr. Mendez is in criminal history category six. His arrest history dates back to 1993 and includes three prior convictions for possession of methamphetamine for sale, possession of methamphetamine, felon in possession of a firearm, and driving with a suspended license. He has a history of poor performance on probation, parole, and mandatory supervision. He has gang affiliation with Varrio Fallbrook Locos and extensive history of using methamphetamine.

## SENTENCING OPTIONS

**CUSTODY**             AS TO EACH COUNT

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to attend mental health counseling, failure to submit to drug testing, and drug use) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7B1.4, p.s.  It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation.  The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

**REIMPOSITION OF SUPERVISED RELEASE**         AS TO EACH COUNT

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody.  The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>35 months'</u> supervised release, less any term of imprisonment imposed upon revocation.  18 U.S.C. § 3583(b).  *The court has imposed an aggregate of 30 days in custody in this case. 18 U.S.C. § 3583(b).*

## JUSTIFICATION FOR BENCH WARRANT

Mr. Mendez is a risk to the community given his methamphetamine drug use.  He is not attending treatment and is ignoring telephone messages from the probation officer.  A warrant is necessary to bring Mr. Mendez before the Court to face the allegations herein.

## RECOMMENDATION/JUSTIFICATION

This is Mr. Mendez' second time before the Court for his noncompliant behavior.  His repeated negative conduct and illicit drug use is a serious breach of the Court's trust.  If the Court finds the allegations herein, it is respectfully recommended that Mr. Mendez' supervised release be revoked, and he be sentenced to eight months of custody,

as to each count, concurrent. Following his custodial sentence, and in order to support rehabilitation efforts he should be placed on 27 months of supervised release, as to each count, concurrent. It is recommended that the mandatory and standard special condition wording be updated to properly supervise Mr. Mendez in the community. The previous special conditions which included mental health, drug treatment, a 4th Amendment Waiver search condition, report his vehicles, and not associate with any gang members are the minimum special conditions necessary for proper monitoring, restrictions, and interventions to support his return to the community.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** **August 4, 2020**

Respectfully submitted:  
DANIEL J. KILGORE  
CHIEF PROBATION OFFICER

by *Kim Landreth* (signature)  
Kim Landreth  
Sr. U.S. Probation Officer  
(619) 557-5793

Reviewed and approved:

*Lori A. Faubel* (signature)  
Lori A. Faubel  
Supervisory U.S. Probation Officer

JGA/clk

PROB12CW                                                                                               August 4, 2020

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Mendez, Salvador

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 17CR00336-010-LAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Failure to Attend Mental Health Counseling | C |
| Failure to Submit to Drug Testing | C |
| Drug Use | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))        [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))               [   VI   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))            [   8 to 14 months   ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | n/a | Community Confinement | n/a |
| Fine ($) | n/a | Home Detention | n/a |
| Other | n/a | Intermittent Confinement | n/a |

PROB12(C)

| | |
|---|---|
| Name of Offender: Salvador Mendez | August 4, 2020 |
| Docket No.: 17CR00336-010-LAB | Page 7 |

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____
The Honorable Larry A. Burns
Chief U.S. District Judge

8/5/2020
Date